UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**DENNIS SHAWN ROBERTS**                                                                  **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 5:19-CV-P90-TBR**

**FULTON CO. KENTUCKY** *et al.*                                              **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Dennis Shawn Roberts' *pro se* complaint (DN 1) pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

### I.

Plaintiff, a convicted inmate at the Fulton County Detention Center (FCDC), filed his complaint on a form for filing a civil-rights action pursuant to 42 U.S.C. § 1983. As Defendants, he names Fulton County, Kentucky; the FCDC; and the Commonwealth of Kentucky.

In the Statement of Claims section of the complaint form, Plaintiff indicates that he is "making the claims against Fulton Co. for violation of my right to (1) access to the courts (2) No law library (3) violation of due Process claus (4) holding my mail." He asserts that he is making claims against the FCDC "in same way, But ad Jailer for They are part of violation." He further asserts that he is suing the Commonwealth of Kentucky "for non compliance to hold this named facility to the consent to decree standard of state prisoners rights. they send DOC to inspect, these problems should have been addressed." Plaintiff states, "Thus far I have documented Dates times Etc. I am asking this court to hold all named defendants in this claim the same."

As relief, Plaintiff seeks compensatory and punitive damages and asks the Court to "direct the Fulton Detention to Deliver all my mail properly and on time and answer."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, this Court must review the instant action under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to

relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Here, Plaintiff's complaint asserts claims without providing sufficient factual matter necessary to state a claim for relief that is plausible on its face.

In addition, because Plaintiff fails to allege a policy or custom that caused him harm, he fails to state a claim against Fulton County. *See Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (indicating that to demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy") (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). For that same reason, Plaintiff also fails to state a claim against the FCDC because the claims against the detention center are actually against Fulton County as the real party in interest. *See, e.g.*, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Finally, the Commonwealth of Kentucky is not a "person" subject to suit under § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and the Eleventh Amendment bars it from suit. *Puckett v. Lexington-Fayette Urban Cty. Gov't*, 833 F.3d 590, 599 (6th Cir. 2016).

### III.

For the foregoing reasons, the action will be dismissed by separate Order.

Date: April 21, 2020

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
4413.005